Filed 3/23/26  In re B.P. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re B.P., a Person Coming Under the Juvenile Court Law. | |
| HUMBOLDT COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.O.,<br><br>        Defendant and Appellant. | A174709<br><br>(Humboldt County Super. Ct. No. JV2500101) |

**MEMORANDUM OPINION**[1]

The Humboldt County Department of Health and Human Services (Department) filed a dependency petition on behalf of B.P., who was two years old at the time.  It alleged she was at risk of suffering serious physical harm or illness while in the care of her mother and stepfather due to

_____

[1] We resolve this case by memorandum opinion (Cal. Stds. Jud. Admin., § 8.1) and recite only those facts necessary to resolve the limited issue before us (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851).  Undesignated statutory references are to the Welfare and Institutions Code.

1

substance use in the home. B.P. was removed and placed with a nonrelated extended family member.

In its detention report, the Department identified J.O. — who was incarcerated at the Stewart Conservation Camp in Carson City, Nevada — as the alleged father of B.P. J.O. was unable to attend the detention hearing, but the trial court appointed counsel for him and continued the hearing. At the continued hearing, J.O. appeared by phone from the Nevada State Prison. He reported genetic testing established he was B.P.'s biological father, mother agreed, and the court named him the biological father in the matter. (He was later elevated to presumed father status.) At the conclusion of the hearing, the court detained B.P. over mother's objection.

At the jurisdictional hearing, J.O. appeared by phone. At the conclusion of the hearing, the trial court found the allegations in the petition to be true and declared B.P. to be a dependent of the court. The matter was set for a disposition hearing.

At the disposition hearing, J.O. appeared by Zoom. He had filed form JV-505 — Statement Regarding Parentage — asking the trial court to enter a judgment of parentage. And the Department's disposition report indicated J.O. wanted services so he could connect with B.P., who had been born when he was in prison. Although the Department recommended reunification services be provided to mother, it recommended J.O. be bypassed due to his incarceration under section 361.5, subdivision (e)(1). In making the recommendation regarding J.O., the Department noted he'd "had no time to develop a relationship with the child" and his anticipated release date of August 2026 was "not soon enough [to] benefit the child in permanency." J.O. disagreed with the recommendation, and the court granted his request for a contested hearing.

At the contested disposition hearing, J.O. appeared by Zoom. Evidence was offered concerning courses he was taking and was planning to take, including several that would result in the shortening of his sentence. His counsel asked the trial court to order he be provided with reunification services, arguing that he was entitled to them unless the court determined services would be detrimental to B.P. At the conclusion of the hearing, the court granted reunification services to mother but bypassed father. The court noted J.O. had "never met" B.P., had been incarcerated for all of her life, and would not be released from prison for "roughly ten months." J.O. appealed.

On appeal, J.O. contends the trial court's denial of reunification services was not supported by substantial evidence. The Department agrees, and we accept its concession. Under section 361.5, subdivision (e), a court shall order reasonable services to an incarcerated parent unless it determines, by clear and convincing evidence, the services would be detrimental to the child. "In determining detriment, the court shall consider the age of the child, the degree of parent-child bonding, the length of the sentence, the length and nature of the treatment, the nature of the crime . . . , the degree of detriment to the child if services are not offered and, for children 10 years of age or older, the child's attitude toward the implementation of family reunification services, the likelihood of the parent's discharge from incarceration . . . within the reunification time limitations described in subdivision (a), and any other appropriate factors." (*Ibid.*) As the parties agree, the court failed to consider several of these factors, and no evidence was adduced that could provide a basis for an implied finding as to those factors. Moreover, the court was focused on whether services would be reasonable or realistic given J.O.'s incarceration rather than whether their provision would be detrimental to B.P. That was not the relevant inquiry.

3

Thus, we vacate the court's disposition order and remand the matter for further proceedings consistent with our opinion.[2]

## DISPOSITION

The trial court's disposition order is reversed, and the matter is remanded for further proceedings consistent with our opinion.

---

[2] J.O. also faults the trial court for failing to consider whether B.P. could be placed with him under section 361.2 as a previously noncustodial parent. The Department counters that this claim was forfeited for failure to raise it at the disposition hearing. Because we are vacating the disposition order and remanding for a new hearing, we leave the issue for the court to consider, especially because there may have been developments regarding the child or J.O.'s release date.

 

_____
RODRÍGUEZ, J.

WE CONCUR:

_____
TUCHER, P. J.

_____
FUJISAKI, J.

A174709; *In re B.P.*